IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| QBE INSURANCE CORP. | § | PLAINTIFF |
| | § | |
| V. | § | Civil No. 1:09CV128HSO-JMR |
| | § | |
| LEGACY CONDOMINIUMS AT | § | |
| GULFPORT HOME OWNERS | § | |
| ASSOCIATION, INC; ROBERT KARL; | § | |
| SHELLI SCHEUTZ; and ABC | § | |
| INDIVIDUALS AND XYZ ENTITIES | § | DEFENDANT |

**ORDER GRANTING DEFENDANT'S MOTION FOR RULE 56(f) RELIEF AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO DISMISS**

Before the Court are the Motion [20] to Dismiss, filed on or about April 6, 2009, by Plaintiff/Counter-Defendant, QBE Insurance Corporation ("QBE"), pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c)[1], and the Motion [27] for Rule 56(f) Relief, filed on or about April 13, 2009, by Defendant/Counter-Plaintiff, Legacy Condominiums at Gulfport Home Owners Association, Inc. ("Legacy"). After consideration of the submissions of the parties, the record in this case, and the relevant law, the Court finds that Legacy's Motion should be granted, and QBE's Motion should be denied without prejudice, with leave to reassert once discovery in this matter has been conducted.

QBE filed its Complaint against Defendants on January 21, 2009, seeking a declaration of its rights and responsibilities as to its insured, Defendant Legacy, with

---

[1]QBE also states that its Motion is brought pursuant to Federal Rules of Civil Procedure 12(a)(4) and (d). These Rules do not affect the Court's decision under the present circumstances.

regard to a counterclaim filed against Legacy in the Circuit Court of Harrison County, Mississippi, by Robert Karl and Shelli Schuetz.  Legacy filed its Answer and Counterclaim [16] on March 17, 2009, asserting breach of contract, negligence, gross negligence, and bad faith claims against QBE on grounds that, under the policy of insurance issued to Legacy, QBE: (1) failed to adequately, promptly, fully, fairly and thoroughly investigate Legacy's insurance claim; (2) wrongfully denied coverage on the claim; and (3) failed to provide any defense and/or indemnity costs with regard to the state court proceedings.

QBE asserts that Legacy's Counterclaim should be dismissed since, as a matter of law, there can be no bad faith claims where there has been no denial of coverage. *See* QBE Mot. at p. 4.  QBE has attached evidence outside the pleadings in support of its Motion.  Where the Court considers matters outside the pleadings, Rules 12(b)(6) and 12(c) require that a motion to dismiss be treated as one for summary judgment. *See* FED. R. CIV. P. 12(b)(6) and 12(c).  Based upon the evidence submitted, the Court finds that QBE's Motion to Dismiss is more properly treated as one for summary judgment.

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Subpart (c) to the Rule states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56.  The purpose of summary judgment is to isolate and dispose of factually

unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

Because the parties have not yet had the opportunity to engage in discovery, Legacy requests, pursuant to Rule 56(f), that QBE's Motion be denied or held in abeyance until the conclusion of discovery. Rule 56(f) provides that:

> [i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

FED. R. CIV. P. 56(f).

Rule 56(f) discovery motions are "broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). The Rule "allows for further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'" *Id.* "The Fifth Circuit has held it to be an abuse of discretion not to allow further discovery where discovery to date has been clearly inadequate and a continuance has been requested under Rule 56(f)." *Travelers Property Cas. Co. v. Dillard's, Inc.*, No. 2:07cv312, 2008 WL 886099, at * 2 (S.D. Miss. March 28, 2008) (*citing Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 355 (5th Cir. 1989)).

The Court is of the opinion that the Rule 56(f) standard is met here. The parties have not conferred as required by Federal Rule of Civil Procedure 26(f) and are presently barred from engaging in discovery. *See Lewis v. Federal Reserve Bank of Atlanta–New Orleans*, 04-1452, 2004 WL 2035006, at *3 (E.D. La. Sept. 10, 2004); *see*

*also* FED. R. CIV. P. 26(d). Absent an opportunity to gather evidence supporting Legacy's claims, the Court is unable to determine whether a genuine issue of material fact exists as to Legacy's Counterclaim. *See Travelers Property,* 2008 WL 886099, at *2. Rule 56 "presupposes that a party opposing a motion for summary judgment has had an adequate time for discovery of evidence of contradictory facts." *See Lewis*, 2004 WL 2035006, at *4. Without such opportunity, QBE's Motion is premature. A review of the record and briefs indicates that Legacy has made a sufficient showing of its need for discovery before it can adequately address the factual issues raised in QBE's Motion. QBE's Motion to Dismiss, construed as one for summary judgment, must therefore be denied without prejudice, with leave to reassert once the parties have had an opportunity to conduct discovery.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [27] for Rule 56(f) Relief, filed on or about April 13, 2009, by Defendant/Counter-Plaintiff, Legacy Condominiums at Gulfport Home Owners Association, Inc., is hereby **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion [20] to Dismiss, filed on or about April 6, 2009, by Plaintiff/Counter-Defendant, QBE Insurance Corporation, is hereby **DENIED WITHOUT PREJUDICE**, with leave to reassert once the parties have had an opportunity to conduct discovery.

**SO ORDERED AND ADJUDGED**, this the 23rd day of June, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE